# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

PAMELA D. STUBBLEFIELD,
          Appellant,

        v.

OFFICE OF PERSONNEL
  MANAGEMENT,
          Agency.

DOCKET NUMBER
SF-0831-15-0477-I-1

DATE: June 20, 2016

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Pamela C. Stubblefield</u>, Esquire, Oakland, California, for the appellant.

<u>Karla W. Yeakle</u>, Washington, D.C., for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

### FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which affirmed the decision of the Office of Personnel Management (OPM) that she was not entitled to a lump-sum death benefit under the Civil Service Retirement System (CSRS). Generally, we grant petitions such as this one only when: the

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2 Benjamin Whiteurst was a long-time employee of the U.S. Postal Service. Initial Appeal File (IAF), Tab 7 at 56-60. On December 28, 2002, while employed, he designated the appellant, his then-wife, as his beneficiary under the CSRS. *Id.* at 17. They divorced in 2004, *id.* at 23-24, and on June 26, 2011, Benjamin remarried. *Id*. at 45-46. His new wife had a daughter who had been born on September 27, 1998. *Id.* at 47. Benjamin died in service on October 6, 2011. *Id.* at 50.

¶3 On October 15, 2011, Benjamin's wife applied for death benefits based on her status as a widow. *Id.* at 28-31. On October 17, 2011, the appellant applied for death benefits as his designated beneficiary. *Id.* at 19-22. On January 30, 2012, OPM advised the widow of possible survivor benefits for her daughter, as Benjamin's stepdaughter, if it were shown that she was dependent on him, *id.* at 32, but OPM denied the widow's application for an annuity for herself on the basis that she and Benjamin were not married for 9 months prior to his death, as required by 5 U.S.C. § 8341(a)(1)(A), *id*. at 34. She then sought benefits on behalf of her daughter, as Benjamin's stepchild, *id.* at 37, responding to OPM's

request that she submit evidence in support of her claim, IAF, Tab 7 at 33, 38-44. Based on that evidence, OPM issued an initial decision finding that the appellant was not eligible for a lump-sum of Benjamin's retirement contributions because his stepdaughter was entitled to a survivor annuity. *Id.* at 11, 13. OPM upheld its decision on reconsideration, notifying the appellant that she would become eligible for the remaining lump-sum death benefit when the stepdaughter's survivor annuity terminated based on her age or other factors set forth at 5 U.S.C. § 8443(3)(b). *Id.* at 6-9.

¶4     On appeal, the appellant argued, as she did before OPM, that, since Benjamin's widow was deemed ineligible to receive any benefit because that marriage was "not valid," her child also should not be eligible for benefits, IAF, Tab 1 at 3; that, because the marriage was so short, there was "simply not enough time" for Benjamin and his stepdaughter to develop a parent-child relationship, *id.* at 26; and that there was no proof that the stepdaughter was Benjamin's dependent, *id.* In response, OPM reiterated that it was paying Benjamin's surviving child in accordance with law and had therefore properly denied the lump-sum death benefit to the appellant.[2] IAF, Tab 7 at 4-5.

¶5     In her initial decision, the administrative judge examined the sworn statements submitted by OPM on behalf of Benjamin's widow, and other evidence that is a part of the record, and the appellant's argument that the evidence should not be considered. IAF, Tab 19, Initial Decision (ID) at 5-8. The administrative judge concluded, however, that, based on evidence showing that Benjamin and the stepdaughter lived together and that a parent-child relationship

---

[2] Because her rights and interests might be affected, OPM requested that the stepdaughter be notified, via her mother, of her right to intervene in this appeal. IAF, Tab 7 at 5. The administrative judge afforded such notice, IAF, Tab 8, but there was no response. As such, the stepdaughter is not a "party" to this appeal, *see* 5 C.F.R. § 1201.4(e), and the Board therefore lacks jurisdiction to make a finding on her entitlement to survivor benefits, except to the extent that, it is necessary, as it is here, to adjudicate the instant appeal. *Cull v. Office of Personnel Management*, 55 M.S.P.R. 476, 481 (1992).

existed between them, ID at 8-12, the appellant did not show by preponderant evidence that she is entitled to the lump-sum death benefits she seeks. ID at 12. As such, the administrative judge affirmed OPM's reconsideration decision. ID at 1, 12.

¶6     The appellant has filed a petition for review, Petition for Review (PFR) File, Tab 1, to which the agency has responded in opposition, PFR File, Tab 4.

¶7     A lump-sum benefit is to be paid, based on the service of a deceased Federal employee, if that service does not entitle anyone to a survivor annuity at the time of the decedent's death. 5 U.S.C. §§ 8341, 8342(d); *see also* 5 U.S.C. § 8331(10), defining a "survivor." Accordingly, the appellant is not entitled to a lump-sum benefit if Benjamin's stepdaughter was entitled to a survivor annuity.

¶8     If an employee dies and is survived by a spouse or a former spouse who is the natural or adoptive parent of a surviving child of the annuitant, that child is entitled to an annuity. *See* 5 U.S.C. § 8341(e)(2). A "child" is an unmarried dependent child under 18 and includes a stepchild so long as the employee and the stepchild lived in a "regular parent-child relationship." A "dependent child" is one who the employee was either living with or contributing to his or her support, at the time of the employee's death. 5 U.S.C. § 8341(a)(3).

¶9     On review, the appellant argues that the administrative judge failed to follow *Salazar v. Office of Personnel Management*, 31 M.S.P.R. 248, 250-51 (1986), wherein, in the absence of a definition of a "stepchild" in 5 U.S.C. § 8341, the Board relied, inter alia, on guidance from the Social Security Act (SSA), 42 U.S.C. § 401, et seq., to find that the annuitant lived with the appellant in a parent-child relationship so as to entitle her to a survivor annuity as his stepchild, even though he was not legally married to her mother. The appellant urges that, here, the Board should follow "analogous Federal law" and rely on the SSA to find that the child was not Benjamin's stepdaughter because the SSA specifically provides that a stepchild must have been such for 9 months. PFR File, Tab 1 at 6-7. While under 5 U.S.C. § 8341, the status of a "widow" depends

on the length of time she was married to the employee or annuitant, the status of a "child" or a "dependent child" has no such time qualification. 5 U.S.C. § 8341(a)(1)(A), (3), (4). Imposing one where it clearly does not exist in the operative statute, as the appellant urges, would violate, not promote, its purpose of providing financial assistance to those most likely dependent on deceased Federal employees. *Salazar*, 31 M.S.P.R. at 251.

¶10        The appellant also argues on review that the administrative judge erred in not applying the "mandatory" elements set forth by the Board in *Hillen v. Department of the Army*, 35 M.S.P.R. 453, 458 (1987), to the sworn statements submitted by Benjamin's widow to OPM in support of her claim for benefits for her daughter. PFR File, Tab 1 at 7-11. *Hillen* provides factors to consider in resolving credibility issues and is relied upon principally in cases where there has been live testimony. In preparation for the requested hearing, the appellant sought and was granted subpoenas for Benjamin's widow, her daughter, and two of the three individuals who had provided evidence in support of the widow's claim. IAF, Tabs 15-16. However, at the hearing, the appellant withdrew her request for all her witnesses. Moreover, she did not testify herself; rather, the parties presented only oral argument. IAF, Tab 18, Hearing Compact Disc; ID at 3. Under the circumstances, we find that a *Hillen* analysis is neither required nor appropriate.

¶11        Recognizing that the statements at issue constitute hearsay evidence, however, the administrative judge properly and carefully weighed them against the factors set forth by the Board as appropriate for the consideration of hearsay evidence. ID at 8-12; *Borninkhof v. Department of Justice*, 5 M.S.P.R. 77, 87 (1981) (announcing that the following factors affect the weight to be accorded hearsay evidence: (1) the availability of persons with firsthand knowledge to testify at the hearing; (2) whether the statements of the out-of-court declarants were signed or in affidavit form, and whether anyone witnessed the signing; (3) the agency's explanation for failing to obtain signed or sworn statements;

(4) whether declarants were disinterested witnesses to the events, and whether the statements were routinely made; (5) consistency of declarants' accounts with other information in the case, internal consistency, and their consistency with each other; (6) whether corroboration for statements can otherwise be found in the agency record; (7) the absence of contradictory evidence; and (8) the credibility of declarant when he made the statement attributed to him). The administrative judge found that the statements are consistent with each other as to their recounting of the family living together and their description of the interaction between Benjamin and the stepdaughter as constituting a parent-child relationship. The administrative judge also noted that three of the statements were submitted by individuals who had known Benjamin for decades and had no interest in the outcome of the case. The administrative judge also addressed each of the appellant's specific arguments challenging certain features of the statements, but found that the arguments provided no reason to discount the statements. ID at 9-12. And, the administrative judge found that the statements were generally responsive to OPM's directions as to what information they should include in addressing whether the stepdaughter lived with Benjamin in a regular parent-child relationship. IAF, Tab 7 at 33; ID at 7-8.

¶12    Although the appellant disputes the administrative judge's findings and conclusions regarding the probative value of the statements, she bears the burden of proof in this case. 5 C.F.R. § 1201.56(a)(2). However, she presented no evidence in support of her position. The letter she wrote to OPM, purporting to explain why she believes Benjamin never contributed towards the stepdaughter's support, is not sworn, which detracts from its probative value. ID at 9; *Davis v. Department of Defense*, 105 M.S.P.R. 604, ¶ 8 (2007). And, as noted, the appellant, without explanation, did not testify at the hearing she requested, and her oral argument does not constitute evidence. *Dunn v. Office of Personnel Management*, 60 M.S.P.R. 426, 435 (1994). The appellant's attempt on review to fault the administrative judge for relying on the statements of Benjamin's widow

and the others who provided them because they "did not appear at the hearing," PFR File, Tab 1 at 8, overlooks the fact that it was the appellant herself who failed to produce those witnesses for whom she was granted subpoenas.

¶13     The appellant otherwise repeats the arguments she raised below, specifically, that the stepdaughter is the child of an "ineligible marriage" and therefore not entitled to a survivor annuity, that Benjamin's widow never completed an actual application for benefits on her daughter's behalf, and that the record fails to show that the stepdaughter lived with Benjamin at the time of his death, that a parent-child relationship existed between them, or that Benjamin contributed to her support. *Id.* at 11-13. However, based on our review, we discern no reason to reweigh the evidence or substitute our assessment of the record for that of the administrative judge.[3] *See Crosby v. U.S. Postal Service*, 74 M.S.P.R. 98, 105-06 (1997) (finding no reason to disturb the administrative judge's findings where she considered the evidence as a whole, drew appropriate inferences, and made reasoned conclusions).

### NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

---

[3] In its response to the appellant's petition for review, and in support of its position, the agency has submitted copies of its "long standing policy" on when a stepchild is eligible to receive a survivor annuity, specifically Integrated Management System 211222.00, Stepchildren, and 211222.26, Meaning of "Living With." PFR File, Tab 4 at 6-7. Absent a showing that this evidence was unavailable before the record closed below despite the agency's due diligence, we have not considered it. *See Avansino v. U.S. Postal Service*, 3 M.S.P.R. 211, 214 (1980).

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed.  *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right.  It is found in title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012).  You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm.  Additional information is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The

Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

FOR THE BOARD:                    _____
                                 William D. Spencer
                                 Clerk of the Board

Washington, D.C.